UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 2 0 2008

MICHAEL N. MILBY, CLERK OF COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H 08 75 |
| QINGGUI ZENG | § § § | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

At all times pertinent to this indictment:

(a)     **"Proprietary information,"** for purposes of this indictment, is information in which a person or entity has an ownership or property interest.

(b)     A **"trade secret"** is defined generally under federal law as including all forms and types of information (financial, business, scientific, technical, economic, or engineering) that the owner has taken reasonable measures to keep secret, and that has independent economic value because it is not generally known or ascertainable by the public.

(c)     When an employee signs a **"confidentiality agreement,"** he is promising in writing not to disclose the confidential, proprietary, or trade secret information belonging to his employer.

(d)     **International Paint, LLC (IP)** is a Kentucky business corporation headquartered in Houston, Texas, engaged in interstate commerce, and is a subsidiary of the worldwide paint and coatings company AKZO NOBEL, based in the Kingdom of the Netherlands. IP is a researcher, developer, and supplier of fireproof coatings and intumescent products, which are sold in interstate commerce.

(e)     **IP** was the only manufacturing company in the world who had developed proprietary and confidential manufacturing techniques, processes, and mixtures that could successfully fabricate the intumescent fireproofing product, marketed as "**Chartek**".

(f)     **IP** spent several years on research, development and testing to create **"Chartek"**, an intumescent fireproof epoxy-based coating which reacts to heat by swelling in a controlled manner to many times its original thickness to produce a carbonaceous char to act as an insulating layer to protect various building substrates." **"Chartek"** is not produced by chemical reactions, but through an amalgamation of fibrous raw materials using industrial mixers and presses.

(g)     **IP** took reasonable measures to keep secret the method, process, and procedure associated with the techniques they had developed to manufacture an intumescent fireproof coating, marketed as **"Chartek"**. This information was valuable because it was secret. Consequently, their confidential information regarding the method, process, and procedure for their intumescent fireproof coating manufacturing techniques was a trade secret.

(h)     QINGGUI ZENG was employed by **IP** as a formulation chemist and assigned to research projects directed to reduce the amount of volatile organic compound emissions in organic polyurethane paint and coatings. QINGGUI ZENG began working with **IP** in January 2005. QINGGUI ZENG had signed a confidentiality agreement in 2005. As a formulation chemist, QINGGUI ZENG was aware of his responsibility to keep and maintain the confidentiality of **IP's** proprietary information.

(i)     **Epochem Technologies** was a business formed and owned by QINGGUI ZENG on October 24, 2007, for the purpose of marketing intumescent fireproof coatings.

## COUNT ONE
*(Theft of Trade Secrets, 18 U.S.C. §1832(a)(1), 1832(a)(4))*

On or about November 1, 2005, in the Southern District of Texas, and elsewhere,

**QINGGUI ZENG,**

defendant herein, with intent to convert a trade secret belonging to International Paint, which is related to and included in a product that is produced for and placed in interstate and foreign commerce, specifically an intumescent fireproof coating formula, method, process, and procedure, marketed as "Chartek", to the economic benefit of a person other than the trade secret's owner, and intending and knowing that the offense will injure the owner of that trade secret, and attempt to do so, and knowingly did without authorization appropriate, take, carry away, and conceal such information; to wit, downloaded the "Chartek" formula from International Paint's MFGPro database and concealed said formula in a box and under the insulation in the attic of defendant's residence.

In violation of Title 18 United States Code § 1832(a)(1) and (a)(4).

## COUNT TWO
*(Theft of Trade Secrets, 18 U.S.C. §1832(a)(3), 1832(a)(4))*

On or about January 29, 2008, in the Southern District of Texas, and elsewhere,

**QINGGUI ZENG,**

defendant herein, with intent to convert a trade secret belonging to International Paint, which is related to and included in a product that is produced for and placed in interstate and foreign commerce, specifically an intumescent fireproof coating formula, method, process, and procedure, marketed as "Chartek", to the economic benefit of a person other than the trade secret's owner, and intending and knowing that the offense will injure the owner of that trade secret, possessed such

information, and attempt to do so, and knowing the trade secret had been appropriated without authorization; to wit, downloaded the "Chartek" formula from International Paint's MFGPro database and concealed said formula in a box and under the insulation in the attic of defendant's residence.

In violation of Title 18 United States Code § 1832(a)(3) and (a)(4).

## COUNT THREE

*(Computer Fraud and abuse, 18 U.S.C. §1030(a)(4), 1030(b))*

From on or about November 1, 2005 and continuing through January 29, 2008, in the Southern District of Texas, and elsewhere,

**QINGGUI ZENG,**

defendant herein, did knowingly and with intent to defraud, accessed without authorization and exceeded his authorized access to a protected computer, to wit: namely International Paint's computer system, and by means of such conduct, and attempted to do so, furthered the intended fraud and obtained something of value consisting of more than the use of the computer, to wit: an intumescent fireproof coating formula, method, process, and procedure, marketed as "Chartek".

In violation of Title 18 United States Code § 1030(a)(4) and (b).

Original Signature on File

FOREPERSON FOR THE GRAND JURY

DONALD J. DeGABRIELLE, JR.
United States Attorney

By: *[signature]*
Bret W. Davis
Special Assistant United States Attorney
Telephone: (713) 567-9305